JXH: USAO 2020R00574
JTM 04.14.22



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. RDB 22cr175 |
| v. | * | |
| DELANEY PIERRE SIMMONS, | * | (Bank Fraud, 18 U.S.C. § 1344) |
| Defendant. | * | |

*******

## INDICTMENT

### COUNT ONE
### (Bank Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1. Defendant, **DELANEY PIERRE SIMMONS ("SIMMONS")**, is a 38 years old a resident of Baltimore, Maryland.

2. Navy Federal Credit Union is a financial institution within the meaning of 18 U.S.C. § 20 in that their deposits are insured by the National Credit Union Share Insurance Fund.

**Manner and Means of the Scheme and Artifice to Defraud**

3. It was part of the scheme and artifice to defraud that **SIMMONS** and others known and unknown to the Grand Jury obtained and attempt to obtain monies, funds, credits, assets, and securities under the custody and control of the individual victim(s) and the victim financial institution(s) by communicating with the financial institution(s) while assuming and using the

personal information of the individual victim(s) to verify the account and enroll the individual victim(s) in the financial institution's online banking system.

4. It was part of the scheme and artifice to defraud that **SIMMONS** and others known and unknown to the Grand Jury, after setting up an online account as provided supra, a follow up call was made by an unidentified subject to order new checks for the account of the same individual victim, and then requested expedited delivery of the checks to Brooklyn, NY.

5. It was part of the scheme and artifice to defraud that **SIMMONS** and others known and unknown to the Grand Jury an unidentified person utilized the online banking system to advance a large sum of money from the commercial line of credit connected to the account of the individual victim, which was then deposited into the personal checking account of the victim.

6. It was part of the scheme and artifice to defraud that **SIMMONS** and others known and unknown to the Grand Jury would draw a check from the online victim's account for a large sum of money, and deposit same into an account controlled by **SIMMONS** and others known and unknown to the Grand Jury.

7. It was part of the scheme and artifice to defraud that **SIMMONS** and others known and unknown to the Grand Jury would quickly dissipate the funds that were thus deposited and credited to the account of the individual victim.

### The Charge

8. Between on or about July 19, 2021 and through August 3, 2021, the defendant

**DELANEY PIERRE SIMMONS**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain and attempt to obtain monies, funds and credits of a financial institution, and under the custody and control of a financial institution, through materially false

and fraudulent pretenses, representations and promises; to wit, depositing a fraudulent check for $250,000 in Maryland into his business's Navy Federal Credit Union business account and then withdrawing the funds.

18 U.S.C. § 1344
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of the defendant's conviction on the offense charged in Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One, the defendant,

**DELANEY PIERRE SIMMONS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

3. The property to be forfeited includes, but is not limited to, a money judgment in the amount of proceeds the defendant obtained as the result of the scheme to defraud.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

*Erek L. Barron* /s/ Jason Y. Hamilton
Erek L. Barron
United States Attorney
District of Maryland

SIGNATURE REDACTED

Foreperson

Date: 5/10, 2022